IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS LEE JACKSON,<br><br>    Petitioner,<br><br>  v.<br><br>GASTELLO, Warden,<br><br>    Respondent. | No. C 19-2983 WHA (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>(Dkt. Nos. 2, 4) |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted. Leave to proceed in forma pauperis is **GRANTED**.

## STATEMENT

In 2017, petitioner was convicted in San Mateo County Superior Court and is serving a sentence of seven years and in state prison. His appeal to the California Court of Appeals was denied. The California Supreme Court denied his petition for review. His habeas petitions to the California Court of Appeal and the California Supreme Court were denied. Thereafter, petitioner filed the instant federal petition.

## ANALYSIS

**A.　STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that (1) his conviction and sentence were supported by insufficient evidence; (2) his right to a jury from a fair cross-section of his peers was violated by improper exclusion of African-Americans from the venire; (3) the trial judge made improper comments to the jury about the evidence; (4) trial counsel was ineffective in failing to object to an un-recorded jury instruction, to impeach the victim, or to move for a mistrial; (5) the trial judge answered a question to the jury about a matter of law without informing petitioner, allowing him to object, or recording the answer; (6) the prosecutor committed misconduct by withholding exculpatory evidence; (7) appellate counsel provided ineffective assistance on appeal; and (8) the state appellate court committed errors in ruling on petitioner's claims.

It would appear that the final claim is redundant to the other claims, but to the extent it does not, respondent should address it. The other seven claims, when liberally construed, are cognizable and warrant a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety-one (91)**

**days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July  9 , 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE